IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KARAN GARY**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:08-CV-228-L** |
| | § | |
| **THE COMBINED GROUP INSURANCE** | § | |
| **SERVICES, INC.**, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Defendants' Motion for Summary Judgment or Partial Summary Judgment, filed October 31, 2008. The court previously referred the case to United States Magistrate Judge Paul D. Stickney for pretrial management. On July 27, 2009, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. No objections to the Report were filed.

Karan Gary ("Plaintiff") brings an employment discrimination suit against her former employers, The Combined Group, Anchor Risk Management Services, Inc. and Anchor Risk Management, Inc. ("Defendants") and six other entities: The Combined Group Insurance Services, Inc.; Christian Brothers Claims Management, Inc.; Christian Brothers Independent Agencies, Inc.; Christian Brothers General Agency, Inc.; Christian Brothers Premium Finance; and Christian Brothers Integrated Systems, Inc. She seeks relief for race discrimination, pursuant to Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); age discrimination, pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); disability discrimination, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

("ADA"); disability and race discrimination pursuant to 42 U.S.C. § 1981a; disability and race discrimination pursuant to the Texas Commission on Human Rights Act, Texas Labor Code § 21.208 et seq. ("TCHRA"); and retaliation.

The magistrate judge found that Plaintiff failed to establish that she was employed by any defendants other than Christian Brothers Risk Management, Inc., Christian Brothers Management Services, Inc., and The Combined Group. Therefore, he recommends that the court dismiss all defendants, except Christian Brothers Risk Management, Inc., Christian Brothers Management Services, Inc., and The Combined Group.

The magistrate judge also found that when viewed in a light most favorable to Plaintiff, genuine issues of material fact exist regarding Plaintiff's ADA claim for failure to make reasonable accommodations, but that no genuine issues of material fact exist regarding her claims for other violations of the ADA, racial discrimination, age discrimination, or retaliation. Therefore, he recommends that the court grant Defendants' Motion for Summary Judgment with respect to Plaintiff's Title VII, ADEA, TCHRA, and retaliation claims. The magistrate also recommends that the court grant Defendants' Motion for Summary Judgment with respect to Plaintiff's ADA claim for disparate treatment. The magistrate further recommends that the court deny Defendants' Motion for Summary Judgment with respect to Plaintiff's ADA claim for failure to make reasonable accommodations.

Having reviewed the magistrate judge's Report, the motion, response, reply, briefs, appendices, record, and applicable law, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. Accordingly, the court **dismisses with prejudice** The Combined Group Insurance Services,

**Order – Page 2**

Inc.; Christian Brothers Claims Management, Inc.; Christian Brothers Independent Agencies, Inc.; Christian Brothers General Agency, Inc.; Christian Brothers Premium Finance; and Christian Brothers Integrated Systems, Inc. The court also **grants** Defendants' Motion for Summary Judgment with respect to Plaintiff's Title VII, ADEA, TCHRA, and retaliation claims, and **dismisses** these claims **with prejudice**; **grants** Defendants' Motion for Summary Judgment with respect to Plaintiff's ADA claim for disparate treatment, and **dismisses** this claim **with prejudice**; and **denies** Defendants' Motion for Summary Judgment with respect to Plaintiff's ADA claim for failure to make reasonable accommodations.

In light of the court's rulings herein, the parties, or a representative with settlement authority for each party, are hereby **directed** to meet in person or by telephone conference to discuss settlement of this case. The meeting or conference call shall take place no later than **October 2, 2009**. All parties must make a good faith effort to settle this case. At the conclusion of this conference, counsel must immediately notify the court in writing of the participants' names and capacities, and the results of the settlement conference. If the parties have not notified the court by October 5, 2009, that this case has been resolved, the court will enter a scheduling order.

**It is so ordered** this 4th day of September, 2009.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge